Good morning your honors. May it please the court, Edward Aiken for Salt Run Development Company. This appeal addresses the question of whether a landowner who has secured a declaration that a state action affecting title to land is void ab initio, that is void from the get go, is entitled to a remand for consideration of an attorney fee petition and also a remand on its section 1983 claims which are joined at the hip with the attorney fee issue. There are really two central issues in this appeal. Cutting to the chase, did Salt Run facially challenge the government action and thereby exempt itself from a requirement to exhaust state remedies, notably mandamus, before bringing a section 1983 action? And the second issue is, is Salt Run entitled to a remand for purposes of an attorney fee petition where it pled claims under 42 U.S.C. section 1983 and would be fee eligible under section 1988 but the claims were ultimately resolved on other state law grounds? The answer to both questions is emphatically yes. So you can recover, your position is you can recover 1983 attorney fees if you prevail on state law claims? Your honor, it's fairly well settled that if you bring state law claims, and this could happen in state court as well, it's worth noting in passing that the township removed the case to federal court and that may have some significance that bears touching on later. But in answer to your question, certainly if you plead section 1983 claims in company with state law claims and the state law, the court eventually resolves the case on the state law claims, as happened here, we had a declaratory judgment action seeking to declare an affidavit filed by the township zoning administrator stating that the township's impact fee followed the land even if the land was annexed into another municipality. You're saying that you can recover federal 1983 attorney fees even if you don't prevail on the federal claim, if you prevail on the state claims, what's your best authority for that? Well, I would say there's a caveat to that. If we lost on the merits on the federal 1983 claims, which did not happen here, the court concluded rather that those claims were not ripe because of the mandamus issue. Alright, what's your best authority that you prevail on attorney fees when your claim is not ripe? Well, that's the bootstrapped part of this appeal, but it's important bootstrapping. What's your best authority? That's all the question is. The township's own case of Smith v. Robinson or Meagher v. Gagne would be authority, but we are appealing also the issue of whether or not the claims were ripe. We believe, and we cite a lot of authority, but what I'm just trying to figure this out, I mean you would agree if it's just state law claims, you don't get 1988 fees, I mean if that's all you plead, you wouldn't get 1988 fees, that's easy, right? Correct. Okay, and it sounds like you're conceding that if you have stayed in federal and you lose the federal and then win the state law, you don't get fees on that. Again, you would say that's not this case, I guess, but... I would say correct if it was on the merits. Okay, and so now, that's what I thought, so now you have a situation where the court looks at the federal claim, but they can't give relief because it's not ripe, it's moot, whatever else. So why suddenly, in view of the other concessions, would you have fees? It seems, that's hard for me to understand. The crucial thing, your honor, is that the claims really were ripe for adjudication. Okay, so then your theory is, if you get that reversed, then you have fees, but if it turns out they're not ripe, then I guess you would concede you don't get fees? Because we obviously have the rightness thing in front of us. That's a thorny issue, and it's thorny because you don't want to take the position, I'm going to guess. Thorny because you don't have your support for it. Well, thorny for a lot of reasons. The case was not resolved on the merits, it was resolved on the ripeness issue. You're realizing the ripeness is in front of us, right? Correct. Okay, so hypothetically, we decide the district court was right, it's not ripe, hypothetically. I'm just trying to figure out the different paths. Would you concede you don't get fees then, or what's your theory? I don't even care if you don't have a case, just give me a theory, why would it make sense? Well, first I would hope that you sign with me on the ripeness issue because I think that's probably the simplest and most easily resolved issue in the case because we filed a facial challenge, and under well-settled law cited in our brief. Okay, so now I think I understand the 1988 answer, which is you need to win on the ripeness ground, so what do you mean by facial versus as applied? What's your definition of those without using the phrase void ab initio? Well, how do you think those are distinguished? If you challenge a state action facially, as opposed to as applied, you're saying it can't be applied to anyone at any time. Right. And in our declaratory judgment action, which we prevailed on, on counts three and four in the four corners of the trial court's order, the trial judge held that we won on that part of the declaratory judgment action. She held that essentially it could not be applied to anyone at any time, and it's hard to imagine a more facial challenge than that. So you're saying you brought a facial challenge and you would say the ruling was a facial ruling? Is that your facial unconstitutional ruling? Just trying to make sure I'm getting it. Is that your theory? That is my theory. So for that theory to be true, you must be saying that no one can invoke this state law in any other setting? I would have said this case is exactly the opposite, that the only thing that's come out of this case is this entity couldn't do it in this case. I think lots of people can still invoke this statute to file liens today, and if that's true, that's the opposite of a facial challenge. Facial's saying it's off the books entirely. You can never use the statute. No one can ever use the statute again, and I don't understand how that's remotely close to what the judge did or remotely close to what you asked for. Well, looking at it in a different way, Your Honor, we secured precisely the same relief by getting the thing declared, if I might use the phrase now, void ab initio, we got exactly the same relief as if the court had resolved the matter on a constitutional basis. You realize that's always true. It's always true. If you win an as-applied challenge from the perspective of your client, it's as if you struck the statute across the board to your client. It makes no difference, but that doesn't make an as-applied ruling a facial ruling. To me, Your Honor, I guess we respectfully disagree. If the state action is declared of no force and effect, and the court actually in its own right has taken down the different components of the declaratory judgment that we asked for, and there were certain things that I think were clearly as-applied challenges, which the trial court declined to resolve because she said, well, that would be an advisory opinion. For example, whether or not the issues of whether the township could impose an impact fee that would follow someone into the village of Mainville, that was mooted by other parts of the ruling. To me, the district court moved from the broadest possible relief, which was that it was void ab initio, and then declared that some of the other as-applied aspects were not really in play or weren't in controversy such that any ruling would be anything more than an advisory opinion at that point. I wanted to move on and address just a few other things. The township argued that we had waived our claim for council fees by not filing a fee petition. Those arguments, based on Southern District Local Rule 54.2, are not well taken. Under the Buchanan precedent and a myriad of other case law, a party does have to prevail to seek attorney fee shifting. We didn't prevail on the 1983 claims at trial. We think that ruling was in error, and we have challenged it, and we would hope on remand we would be a prevailing party, but there was no waiver. I'm out of time. I will reserve five minutes for rebuttal. All right. Good morning. Good morning. Police, court, council. I'm Will Weisenthaler, and I represent the township in this appeal. There are two issues, and I view the issues before the court a little differently than counsel for Salt Run. I believe really what is being challenged here is the district court decision as to count four of the amended complaint as to whether the court should have decided under a facial challenge or an as-applied challenge. Looking at that, and by the way, count four is the Section 1983 claim, and the Section 1983 claim sought redress for alleged violations of the Fifth and Fourteenth Amendments of the Constitution. Essentially, it's a takings claim. That's how the district court analyzed it in terms factually and applied the applicable law. The decision from this court in Coles v. Granville, the requirement of using state remedy, whether it's a claim of a taking, testing the adequacy of the state remedy before finding that there can be a constitutional violation. The district court judge determined that the plaintiffs in this case had not pursued the state remedy, which this court has determined previously was an adequate state remedy. So, failing to avail themselves of that remedy, the claim under the fourth claim... Can they get fees under state law? Pardon me? Can they get fees under state law for what happened? Because I mean, I can quite understand... You're all right. Let me finish the question. I can quite understand the frustration with what your client did. I mean, it strikes me, frankly, as pretty sneaky and highly aggressive to have put this lien on the property, and arguably a pretty serious abuse of government power. So, there's just nothing in state law that allows you to get fees in that kind of a situation? Your Honor, my understanding for claims sought under Section 1988, where you have state claims joined... I'm asking about state law. I know. There's nothing under Ohio law that lets you have fees? Where there are claims of malice, where you're successful in a claim of malice under state law, I believe fees are permitted. If there's a claim for punitive damages, and if you're successful in a claim for punitive damages, I believe fees are appropriate. I'm not aware of your 1983 and 1988 point. Okay. Can I back into this for a moment? The confusing part of this, that I don't understand necessarily the arguments that's being presented to the Court, the second issue presented in Appellant's Brief, says the District Court erred in dismissing the Section 1983 claim without entertaining an attorney fee petition, where Salt Run achieved significant success on the merits. That's their argument as to why they should have been entitled to fees, but they never filed an application for fees with the District Court. With respect to, can we recover fees in this case? The answer is no. You've got a federal claim and a supplemental state law claim. If you prevail on the state law claim, but the Court decides the state law claim without touching the constitutional claim under the theory of constitutional avoidance of one thing or another, that's kind of a drag, and debating that in another Court right now as to whether or not that party can be deemed a prevailing party. In this case, whether there were state law claims, whether there were federal claims and independent state law claims, there was success, arguably, on the declaratory judgment on the state law claim, but there was no success on the 1983 claim. Clearly, in that case, the Court ruled, I mean, dismissing the claim, not necessarily on the merits, but because it was not right for adjudication, that's not prevailing. In that particular scenario, they are not entitled to fees. Well, why isn't dismissing, but not on the merits, a lot like declining to address the merits? Well, the Court would have decided that issue without ever having gotten to the constitutional issue. The Court did decide this issue and said, in essence, you don't have a constitutional claim yet. You haven't availed yourself of the state remedy, and what is at issue there is the adequacy of the state remedy, which never occurred. So to suggest that somehow they prevailed on the Section 1983 claim, they didn't. Going back to the first issue, in terms of whether the District Court erred in not applying a facial challenge, if you look at the complaint, there are three places in the record where you can look to determine that the facial challenge was not part of Count 4 in the amended complaint. If you look at Count 4, what it says is that it was a violation of the judgment in excess of $25,000, pre-judgment, post-judgment, interest, attorney fees, and cost. In the demand for relief in the amended complaint, the relief is judgment in excess of $25,000, pre-judgment, post-judgment, interest, attorney fees, and cost. That's the demand. There's nothing in there in the demand that would suggest this is a facial challenge to the statute. If you look at the memorandum in opposition to the motion for summary judgment that they prepared, it's docket number 35 at page 17. They conclude in opposing this portion of our motion for summary judgment that triable issues persist as to whether the constitutional rights were violated. They conclude, salt run states, they claim for a non-categorical taking under 5th or 14th Amendment. In their memorandum in opposition to the motion for summary judgment, they're saying, what we're saying is that they're questioning the fact as to a non-categorical taking. Nowhere. Nowhere in the, under Count 4, in the amended complaint, or anywhere. Maybe the way to think about it is they weren't saying anything on this score. They weren't clarifying whether it was as applied or facial. It was a constitutional challenge, and which one of them it was was to be figured out later. Well, and the district court took it as an applied challenge, or as applied challenge, and said, you're premature. You can't do this yet. And dismissed the claim. And that's the focus, really, of this. Was the district court in error by not analyzing under a facial challenge, or was it correct in using the as applied challenge? And based upon what's in the complaint, based upon the relief that was sought, as well as what was argued in opposition to the motion for summary judgment, the district court didn't err. The district court was correct that the case was not ripe, in that the appellant had failed to exhaust the remedies under state law. It is our position that as far as the fee is concerned, that if you look at the issue, that they were claiming success based upon the state law claims. If they're claiming success, the petition for fees must be filed within 40 days from the date of the judgment entry. That wasn't done in this case. But yet they're claiming success on the state law claims. Beyond the theory to timely file the petition for fees, I've already discussed what I believe to be the outcome. If they won on the rightness thing, then you could argue the clock hasn't really started because there's no victory. Because that's your other theory. You can't win for losing. And here, if they won on the rightness, I assume. My theory is that the issue of attorney fees really shouldn't even be an issue before this court. That it's not an error. That if the court reverses this case and sends it back to the district court, and they prevail on that issue then, then the petition for fees applies. I don't believe it's applicable in this tribunal. On the other hand, though, I'm asking the court to affirm what the district court did, that it correctly applied or analyzed the case under an as-applied standard. That's all I have. No questions. Alright. Thank you. Thank you. David Rebola, Your Honor. The case cited in my brief addresses some of the points that opposing counsel just made. Len V. West, Middle District, North Carolina, August 8, 2000. Similar factual scenario. A local rule requiring a party to file a fee petition if they were the prevailing party at trial upon penalty of waiver if they didn't file it timely. And the court said, and I'll just quote briefly, In a sense, all of this is academic because the plaintiffs here did not prevail at the district court level. As a result, they were in no position to seek fees after the entry of primary judgment. It was only after the case had been appealed that they became prevailing parties for fees under Section 1988. That's what we're here trying to do in significant part today. Salt Run did not prevail on the 1983 claims at trial. I think the district court would have laughed a fee petition out of commons if we had filed such. And opposing counsel would have opposed it on the basis that I wasn't a prevailing party under Buchanan. The 1983 and 1988 claims are the grounds for fees here. Addressing some of Appley's other points. They focus on count four, but elsewhere in our pleadings we make clear that we want the impact fee affidavit of Borey's declared of no force in effect. It's notice pleading, not code pleading. We put them on adequate notice that it was a facial challenge. Your Honor, Judge Griffin had asked earlier for some authority for what I'm seeking here. Just to cite a few, Rogers Group Inc. v. Fayetteville, case out of the 8th Circuit in 2012. But closer to home, the Seaway Drive-In v. Township of Clay decision of this court. In Seaway, a movie theater challenged a township regulatory ordinance under both state law and the 1st, 14th, and 15th Amendment. The federal court enjoined the township from enforcing the ordinance under state law and declined to address the constitutional issues. The district court in that case actually awarded some fees and the township appealed. This circuit held there was a sufficient relationship between the movie theater's successful state law claims and the unaddressed constitutional claims to support a fee award based on the latter. So there's a fair amount of circuit authority, some of it fairly recent. The 8th District case is from 2012, Seaway from this court is from 1986. In the time I have left, I'll address quickly the important issue of relatedness and substantiality because those are key components when you're seeking fees under Sections 1983 and 1988 based on state law. A case that's been resolved on state law. Relatedness is a relatively low hurdle and unquestionably met here. The federal claims in this case arose from exactly the same nucleus effect. I don't think there's any serious argument about that. And as to substantiality, the federal claims must be substantial, but one way to look at it is claims are constitutionally insubstantial under well settled long standing authority if they are essentially fictitious, wholly insubstantial, obviously frivolous, or obviously without merit. That's Higgins v. Levine, 415 U.S. 528-537-38, U.S. Supreme Court from 1933. It's important to remember that the trial court did not dismiss our 1983 claims because they were insubstantial, it dismissed them because they were deemed unripe. It's worth noting this was not a diversity case. The court, first off, as I mentioned earlier, the township brought the case into federal court. If the federal court would have deemed our constitutional questions insubstantial, it could have sent it right back to state court. It retained jurisdiction. As the U.S. Supreme Court put it a long time ago in Ex parte Peresky, 290 U.S. 3031, where you don't have diversity as grounds for jurisdiction. You might want to wind things up. I see you're already high. I'm about done. If I could finish this sentence. Sure. Where you don't have diversity as grounds for jurisdiction, it is essential that a substantial federal question has to be presented. And here the substantial federal question was on 42 U.S.C. 1983. Thank you, Your Honor. Thank you. And the case is submitted. May call the next case.